1   Daniel L. Reback (SBN 239884)
     Email: dreback@kranesmith.com
2   Jeremy Smith (SBN 242430)
     Email: jsmith@kranesmith.com
3   Benjamin J. Smith (SBN 266712)
     Email: bsmith@kranesmith.com
4   KRANE & SMITH, APC
    16255 Ventura Boulevard, Suite 600
5   Encino, CA 91436
    Tel: (818) 382-4000
6   Fax: (818) 382-4001

7   Attorneys for Plaintiff,
    CHRISTOPHER GORDON

8

9               **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12   CHRISTOPHER GORDON, an
     individual,

13
                                              CASE NO.
              Plaintiff,
14                                            **COMPLAINT FOR:**
     vs.
15                                            1. **TRADEMARK
     BUSTEDTEES, a business entity              INFRINGEMENT** [15 U.S.C.
16   form unknown; BRAIN BUSTER               §1114 *et seq.*];
     ENTERPRISES, LLC, a limited              2. **TRADEMARK
17   liability company; JOSHUA                   INFRINGEMENT** [California law];
     ABRAMSON, an individual;                 3. **TRADEMARK DILUTION** [15
18   CONNECTED VENTURES, LLC,                   U.S.C. §1125(c)];
     a limited liability company; and         4. **FEDERAL UNFAIR
19   DOES 1 to 10, inclusive,                    COMPETITION AND FALSE
                                                 DESIGNATION OF ORIGIN** [15
20            Defendants.                         U.S.C. §1125(a)];
                                              5. **UNFAIR COMPETITION**
21                                              [California law]**; and**
                                              6. **COPYRIGHT INFRINGEMENT**
22                                              [17 U.S.C. §501]

23

24                                            **DEMAND FOR JURY TRIAL**

25

26

27

28   F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd          1

────────────────────────────────────────────
              COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

2    **INTRODUCTION**

3    Plaintiff is a comedic narrator who, on January 18, 2011, published a video

4    on YouTube that consisted of his original narration humorously describing the

5    traits of a honey badger. The video went "viral" and has generated more than *68*

6    *million* views on YouTube. In the video, Plaintiff's original expression and joke is

7    "HONEY BADGER DON'T CARE." Plaintiff's original expression has gained a

8    tremendous amount of notoriety, and his expression has been referred to in

9    commercials, television shows, magazines, and throughout the internet, and by

10   numerous celebrities. Plaintiff copyrighted his narration, and also trademarked

11   "HONEY BADGER DON'T CARE" under four separate registration numbers for

12   various classes of goods, including t-shirts. Plaintiff has produced, advertised, and

13   sold t-shirts bearing his expression and mark of "HONEY BADGER DON'T

14   CARE" since soon after the video was published, and he continues to sell t-shirts

15   bearing his expression and mark today.

16   Defendants include a t-shirt company, BustedTees, and its owners and

17   decision-maker, who produced and sold t-shirts that copied *verbatim* Plaintiff's

18   expression and trademark, "HONEY BADGER DON'T CARE." On June 8, 2011,

19   Plaintiff emailed BustedTees, advising the company that it was violating his

20   intellectual property rights and demanding that the company stop selling

21   infringing shirts. BustedTees refused, claiming it was not infringing on Plaintiff's

22   rights. Plaintiff again emailed BustedTees again advising it that "the shirts being

23   sold by Busted Tees, are using words from my creation and my rights are

24   completely and utterly being violated." Not only did BustedTees refuse to stop

25   selling the shirts, the company did not have the decency to reply to Plaintiff.

26   BustedTees never responded to him. Thereafter, on numerous occasions, Plaintiff

27

28   F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd          2

1  and his representatives attempted to convince BustedTees to remove the infringing

2  merchandise, to no avail.  Not only did BustedTees refuse to stop selling

3  infringing merchandise, but incredibly, BustedTees strategically chose to advertise

4  its infringing merchandise on YouTube alongside Plaintiff's video, which was

5  generating millions of views.   Moreover, Abramson told a reporter from Inc.com

6  that at one point the most popular t-shirt sold by BustedTees was a "honey badger

7  don't care" shirt, which, according to Abramson, was named after a viral

8  "CollegeHumor video."

9      Defendants' unauthorized sales of t-shirts bearing Plaintiff's trademark and

10  expression constitute, *inter alia*, trademark and copyright infringement.

11  Defendants' blatant refusal to stop their unlawful activities, even after being

12  implored to do so by Plaintiff, constitutes willful infringement.

13                          **JURISDICTION AND VENUE**

14      1.      This is a civil action arising under the Trademark and Copyright

15  Laws of the United States, 15 U.S.C. §§1051, *et seq.*, and 17 U.S.C. §§101 *et seq.*

16  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

17      2.      This Court has supplemental jurisdiction over the claims in this

18  Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because

19  the state law claims are so related to the federal claims that they form part of the

20  same case or controversy and derive from a common nucleus of operative facts.

21      3.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and

22  1400(a).  The infringing products which are the subject of this litigation have been

23  distributed and offered for distribution in the Central District of California, and the

24  Defendants transact business in the Central District of California.  Defendants

25  have extensive contacts with, and conduct business within, this District; have

26

27

28  F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd          3

1   placed products into the stream of commerce in this District; and have caused

2   tortious injury to Plaintiff in this District.

3                              **PARTIES**

4          4.     Plaintiff is an individual residing in Los Angeles, California.

5          5.     Plaintiff is informed and believes, and thereon alleges, that Defendant

6   BustedTees is a business entity, form unknown, that is subject to the jurisdiction

7   of this Court.  BustedTees produces and sells merchandise, with an emphasis on t-

8   shirts, and conducts its business on the internet at bustedtees.com

9          6.     Plaintiff is informed and believes, and thereon alleges, that Defendant

10  Brain Buster Enterprises, LLC ("Brain Buster") is a limited liability company that

11  is subject to the jurisdiction of this Court.

12         7.     Plaintiff is informed and believes, and thereon alleges, that Defendant

13  Joshua Abramson ("Abramson") is an individual residing in New York and is

14  subject to the jurisdiction of this Court.

15         8.     Plaintiff is informed and believes, and thereon alleges, that Defendant

16  Connected Ventures, LLC ("Connected Ventures") is a limited liability company

17  that is subject to the jurisdiction of this Court.

18         9.     Plaintiff is informed and believes, and thereon alleges, that at all

19  relevant times BustedTees was owned and/or operated by Brain Buster, Abramson,

20  and/or Connected Ventures.

21         10.    Plaintiff is informed and believes, and thereon alleges, that

22  Abramson: (a) is the President of BustedTees; (b) a founder of BustedTees; (c)

23  manages its day-to-day affairs and makes all strategic decisions for the company;

24  and (d) at all relevant times controlled, and still controls, the operation and

25  business of BustedTees.

26

27

28

11.    Plaintiff is informed and believes, and thereon alleges, that BustedTees, Brain Buster, Abramson, and Connected Ventures authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

12.    Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times relevant hereto there existed, a unity of interest and ownership between Defendants BustedTees, Brain Buster, Abramson, and Connected Ventures, and each of them. As a result, any individuality and separateness between said Defendants has ceased and Defendants are mere shells, instrumentalities and conduits through which these Defendants carry on their business and are alter egos of each other, and mere conduits to conduct their own wrongful acts through the subterfuge of a purported separate corporate entity in order to avoid liability and responsibility for those wrongful acts.

13.    Plaintiff is informed and believes, and thereon further alleges, that adherence to the fiction of the separate existence of Defendants BustedTees, Brain Buster, Abramson, and Connected Ventures, as entities or persons distinct from each other, would permit an abuse of the corporate privilege, sanction fraud against Plaintiff and the public and promote injustice.

14.    The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these DOE defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### Plaintiff and His Video, Copyright, and Trademark

15.     Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

16.     On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of a honey badger.[1] The Video, titled *The Crazy Nastyass Honey Badger (original narration by Randall)*, became an instant hit.  The Video went "viral" and is one of the most popular videos ever uploaded onto YouTube.  To date, the Video has generated more than 68 million views on YouTube.  The Video and subsequent phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment news sites like *TMZ*.

17.     In the Video, Plaintiff's original expression and joke is that the HONEY BADGER DON'T CARE.  Plaintiff's original expression has gained a tremendous amount of notoriety, and his expression has been referred to in commercials, television shows, magazines, and throughout the internet.

18.     Plaintiff copyrighted his narration in the Video.  The copyright registration number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is HONEY BADGER DON'T CARE.  Attached hereto as Exhibit A is a true and correct copy of the certificate of Copyright Registration.

19.     Plaintiff is also the owner of the trademark HONEY BADGER DON'T CARE (the "Mark").  Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following

---

[1]  The Video can be viewed at https://www.youtube.com/watch?v=4r7wHMg5Yjg or by searching on YouTube.com for *The Crazy Nastyass Honey Badger (original narration by Randall)*.

F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS BUSTEDTEES final.wpd          6

1   Registration Numbers:  4,505,781; 4,419,079; 4,419,081; and 4,281,472.

2   Registration Number 4,505,781 specifically relates to the class of goods for

3   clothing, including t-shirts.  Attached hereto as Exhibit B are true and correct

4   copies of the Trademark Registrations.

5        20.   After the Video was published, Plaintiff produced and sold goods,

6   including t-shirts, that displayed his Mark.  Plaintiff continues to sell t-shirts under

7   the trademark HONEY BADGER DON'T CARE.

8        21.   Plaintiff primarily advertised the t-shirts bearing his Mark on the

9   internet.  Sales of Plaintiff's t-shirts bearing his Mark have been substantial, with a

10  majority of the sales occurring via the internet.

11       22.   The Mark is instantly recognizable as being associated with Plaintiff

12  (i.e. Randall).  The Mark appeared in Plaintiff's Video, and has since been

13  displayed on numerous advertisements and goods that Plaintiff promotes.  Plaintiff

14  even authored a book titled *Honey Badger Don't Care:  Randall's Guide to Crazy*

15  *Nastyass Animals,* and launched a mobile "app" titled *The Honey Badger Don't*

16  *Care.*

17       23.   Plaintiff has expended a significant amount of time and effort in

18  making his Mark well-known to the public.  Plaintiff has promoted his Mark by,

19  *inter alia*, advertising it in connection with his products, making guest

20  appearances in media outlets, and publicizing the Mark through social media

21  platforms.

22       24.   As a result of the foregoing, including, but not limited to, the

23  extensive advertisements, promotions, sales, and enormous popularity of the

24  Mark, the public has come to exclusively identify the Mark with Plaintiff.  Among

25  other things, Plaintiff, his expression, joke and/or his Mark have appeared or been

26  alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in

27

28  F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd      7

1  an episode of the popular television show *America's Got Talent*, in an episode of

2  the hit television series *Glee* by the show's famous cheerleading coach Sue

3  Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor

4  Swift, and on the *Howard Stern* radio show (Baba Booey). Plaintiff's expression,

5  joke, and Mark are famous and distinctive under applicable law, including within

6  the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

7  ## DEFENDANTS' UNLAWFUL ACTIVITIES AND WILLFUL
8  ## INFRINGEMENT

9      25.    BustedTees is a competitor of Plaintiff, as BustedTees also produces

10  and sells t-shirts on the internet.

11      26.    Upon information and belief, by at least June 2011, BustedTees began

12  producing and selling t-shirts that bore Plaintiff's Mark, and did so throughout the

13  United States, including California.

14      27.    On June 8, 2011, Plaintiff emailed BustedTees, stating he owned the

15  Mark, was selling t-shirts bearing the Mark, and that BustedTees must remove the

16  infringing shirts bearing the Mark from its website and stop selling the shirts

17  immediately.

18      28.    On June 10, 2011, BustedTees' attorney responded to Plaintiff via

19  email, stating: "We are in receipt of your request for us to remove certain material

20  from our site that you believe is infringing on your intellectual property rights.

21  We have reviewed your request and ask that you provide legal support for your

22  claims. Busted tees maintains the position that we are not infringing on any of

23  your purported rights."

24      29.    On June 17, 2011, Plaintiff emailed BustedTees, stating: "From my

25  attorney, 'We are still waiting for the Copyright Office to formally provide us with

26  copyright info. Remember however, even without filing with the Copyright

27

28  F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS BUSTEDTEES final.wpd    8

1    Office, <u>the law provides that the creator owns the copyright from the day of</u>

2    <u>creation</u>.' I'll put it to you this way: without my video, Busted Tees, would NOT

3    have honey badger shirts. It's as simple as that. . . . As it is, I am selling my own

4    honey badger shirts. Any others in existence are being viewed as 'rip-offs' and

5    'fakes.' . . . . You said, 'Busted tees maintains the position that we are not

6    infringing on any of your purported rights,' however, the shirts being sold by

7    Busted Tees, are using words from my creation and my rights are completely and

8    utterly being violated. Please watch the video and you'll see--I mean, this is really

9    the only proof you need: http://youtu.be/4r7wHMg5Yjg[.]" (Emphasis in

10   original).

11          30.     BustedTees refused to respond to Plaintiff's June 17, 2011 email.

12          31.     Subsequently, on repeated occasions during the following year,

13   Plaintiff and his agents attempted to convince BustedTees to remove the infringing

14   merchandise bearing the Mark. Still, BustedTees refused to remove the infringing

15   merchandise, but instead, decided to keep selling it. BustedTees ignored all of

16   Plaintiff's attempts to convince the company to stop its unlawful activity.

17          32.     BustedTees' unlawful activity, and pattern of ignoring Plaintiff, is

18   contrary to the company's purported policy. Abramson has written that

19   BustedTees' policy is as follows: "When someone makes a point to call us out for

20   stealing something, we take it very seriously. In some cases, after further

21   examination it's clear that the exact specific joke had already been made and we

22   were in the wrong to have not caught it. When this happens, we offer a licensing

23   deal or else agree to stop selling the shirts immediately."[2] Despite BustedTees'

24   knowledge that it was using the exact specific joke that Plaintiff made famous,

25

26   _____

27          [2] http://blog.bustedtees.com/post/83657625046/were-bringing-this-post-to-light-because-this

28   F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS BUSTEDTEES final.wpd          9

1   BustedTees refused to stop selling the shirts, and ignored Plaintiff's pleas, in clear
2   derogation of the company's purported policy.

3       33.    Incredibly, BustedTees even advertised its infringing merchandise on
4   YouTube alongside Plaintiff's Video, which has generated over 68 millions views.
5   BustedTees' strategic advertisement was designed to capitalize on Plaintiff's
6   Mark, trample upon his intellectual property rights, and cause customer confusion
7   in the process.

8       34.    On information and belief, CollegeHumor.com is a website that
9   is/was owned and operated by the same parent company as BustedTees, and was
10  co-founded by Abramson. Abramson and/or his company posted Plaintiff's Video
11  on CollegeHumor.com. The posting of Plaintiff's Video on the website was
12  unlawful, and the Video still remains on that website as of this very day.[3]

13      35.    On April 17, 2014, Plaintiff's counsel demanded (the "Demand") that
14  BustedTees stop selling the infringing merchandise and disclose the amount of
15  sales for all infringing products. BustedTees then removed the infringing
16  merchandise from its website, only after generating substantial sales from the
17  infringing merchandise, and only after sales of the infringing merchandise began
18  declining.

19      36.    In response to the Demand, Abramson wrote, *inter alia*, that
20  BustedTees' total sales of all infringing merchandise amounted to approximately
21  $21,000. Abramson even produced a document purporting to verify that total
22  sales of all infringing merchandise amounted to just $21,000. However, the
23  information provided by Abramson was intentionally false and misleading.
24  Abramson concealed the true amount of sales. In fact, BustedTees' sales of
25  infringing merchandise substantially exceeds $21,000. Moreover, on information

26  —————————————————

27      [3]  http://www.collegehumor.com/video/6415230/the-crazy-nastyass-honey-badger

28  F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS BUSTEDTEES final.wpd   10

1 │ and belief, Abramson told a reporter from Inc.com that at one point the most

2 │ popular t-shirt sold by BustedTees was a "honey badger don't care" shirt, which,

3 │ according to Abramson, was named after a viral "CollegeHumor video."[4]  The

4 │ shirt, however, was named after *Plaintiff's* expression and joke contained in *his*

5 │ Video, not a CollegeHumor video.

6 │      37.    Defendants' intentional and deceitful acts of unfair competition and

7 │ use of the Mark have caused confusion, and are likely to do so in the future, and

8 │ have caused mistake and deception as to the affiliation or association of the

9 │ Defendants with Plaintiff, and as to the origin, sponsorship, or approval of the

10 │ Defendants' goods by Plaintiff.  Plaintiff has neither authorized nor consented to

11 │ the use by Defendants of the Mark, any colorable imitation of it, or any mark

12 │ confusingly similar to it.

13 │      38.    Plaintiff is informed and believes, and thereon alleges, the

14 │ Defendants' purpose in utilizing the Mark is an attempt to benefit unfairly from the

15 │ valuable goodwill and extreme popularity of the Mark, which was established at

16 │ great expense and effort by Plaintiff.

17 │ **FIRST CLAIM**

18 │ **(Trademark Infringement under 15 U.S.C. §1114 *et seq*. Against All**

19 │ **Defendants)**

20 │      39.    Plaintiff repeats, repleads and realleges the allegations contained in

21 │ Paragraphs 1 through 38, as though fully set forth herein.

22 │      40.    The aforesaid acts of Defendants constitute infringement of the Mark

23 │ under 15 U.S.C. §1114 *et seq*.

24 │      41.    As a direct and proximate result of Defendants' wrongful acts,

25 │ Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to

26 │

27 │     [4]  http://www.inc.com/video/201111/josh-abramson-bustedtees-founder.html

28 │ F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd          11

1   his trademark, reputation, and goodwill.  Defendants will continue to use the Mark

2   and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at

3   law and is entitled to an injunction restraining Defendants and their officers,

4   agents, employees, and all persons acting in concert with them, from engaging in

5   further acts of infringement.

6       42.    Plaintiff is further entitled to recover from Defendants the actual

7   damages that he sustained and/or is likely to sustain as a result of Defendants'

8   wrongful acts.  Plaintiff is presently unable to ascertain  the full extent of the

9   monetary damages that he has sustained and/or is likely to sustain by reason of

10  Defendants' acts of trademark infringement.

11      43.    Plaintiff is further entitled to recover from Defendants the gains,

12  profits, and advantages that Defendants have obtained as a result of their wrongful

13  acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and

14  advantages that Defendants have realized by reason of their acts of trademark

15  infringement.

16      44.    Because of the willful nature of the wrongful acts of Defendants,

17  Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,

18  including but not limited to an award of treble damages and increased profits

19  pursuant to 15 U.S.C. §1117.

20      45.    Plaintiff also is entitled to recover his attorneys' fees and costs of suit

21  pursuant to 15 U.S.C. §1117.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28  F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd          12

## SECOND CLAIM

**(Trademark Infringement under California Business and Professions Code section 14245 *et seq.* and California Common Law Against All Defendants)**

46. Plaintiff repeats, repleads and realleges paragraphs 1 through 45, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

47. Defendants' use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendants.

48. The acts and conduct of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of California, including California Business and Professions Code section 14245 *et seq.*, in that, among other things, Defendants' acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendants. Defendants' acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants and their officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendants, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

49. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California Business and

1  Professions Code section 14247 *et seq.*, including injunctive relief and recovery of
2  three times Defendants' profits and damages suffered by reason of their wrongful
3  conduct.  Because of the willful nature of Defendants' wrongful acts, Plaintiff is
4  entitled to an award of punitive damages.

5  **THIRD CLAIM**

6  **(Trademark Dilution under 15 U.S.C. §1125(c) Against All Defendants)**

7      50.    Plaintiff repeats and realleges each and every allegation of paragraphs
8  1 through 49, above, as though fully set forth herein.

9      51.    Plaintiff has used his Mark to identify his products before Defendants
10  began using the Mark without his permission.

11      52.    The Mark is inherently distinctive and has acquired distinction
12  through Plaintiff's extensive, continuous, and exclusive use of the Mark.  The
13  Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and
14  1127.

15      53.    Defendants' use of the Mark is likely to dilute the distinctive quality
16  of the Mark in violation of 15 U.S.C. §1125(c).

17      54.    As a direct and proximate result of Defendants' wrongful acts,
18  Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to
19  his trademarks, reputation, and goodwill.  Defendants will continue to use the
20  Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate
21  remedy at law and is entitled to an injunction restraining Defendants, their
22  officers, agents, and employees, and all persons acting in concert with them, from
23  engaging in further acts of trademark dilution.

24      55.    Plaintiff is entitled to recover from Defendants the actual damages
25  that he sustained and/or is likely to sustain as a result of Defendants' wrongful
26  acts.  Plaintiff is presently unable to ascertain the full extent of the monetary

27

28  14

COMPLAINT AND DEMAND FOR JURY TRIAL

1  damages that he has sustained and/or is likely to sustain by reason of Defendants'
2  acts of trademark dilution.

3      56.   Plaintiff is further entitled to recover from Defendants the gains,
4  profits, and advantages that Defendants have obtained as a result of their wrongful
5  acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and
6  advantages that Defendants have realized by reason of their acts of trademark
7  dilution.

8      57.   Because of the willful nature of the wrongful acts of Defendants,
9  Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,
10 including an award of treble damages and increased profits pursuant to 15 U.S.C.
11 §1117.

12     58.   Plaintiff also is entitled to recover his attorneys' fees and costs of suit
13 pursuant to 15 U.S.C. §1117.

14                          **FOURTH CLAIM**

15 **(Federal Unfair Competition and False Designation of Origin in Violation of**
16 **15 U.S.C. §1125(a) Against All Defendants)**

17     59.   Plaintiff repeats, repleads and realleges the allegations contained in
18 Paragraphs 1 through 58, as though fully set forth herein.

19     60.   Defendants' acts as alleged above constitute unfair competition and a
20 false designation of origin which have caused confusion, mistake, deception as to
21 the affiliation, connection or association of Defendants with Plaintiff and as to the
22 origin, sponsorship, or approval of Defendants' goods, services and/or activities
23 by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15
24 U.S.C. §1125(a).

25     61.   As a direct and proximate result of Defendants' wrongful acts,
26 Plaintiff has suffered and continues to suffer and is likely to suffer damage to his

27

28 F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS BUSTEDTEES final.wpd         15

1 reputation, goodwill, and to the Mark.  Defendants will continue the activities
2 alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no
3 adequate remedy at law and is entitled to an injunction restraining Defendants,
4 their officers, agents, affiliates, vendors, partners and employees, and all persons
5 acting in concert with Defendants, from engaging in further acts of unfair
6 competition, deceitful acts using the Mark, and false designation of origin and
7 false affiliation and association.

8      62. Plaintiff is further entitled to recover from Defendants the actual
9 damages that he sustained and/or is likely to sustain as a result of Defendants'
10 wrongful and devious acts.  Plaintiff is presently unable to ascertain the full extent
11 of the monetary damages that he has suffered and/or is likely to sustain by reason
12 of Defendants' acts of unfair competition and false designation of origin and false
13 affiliation and association.

14      63. Plaintiff is further entitled to recover from Defendants the gains,
15 profits, and advantages they have obtained as a result of their wrongful and
16 malicious acts.  Plaintiff is presently unable to ascertain the extent of the gains,
17 profits, and advantages that Defendants have realized by reason of their acts of
18 unfair competition and false designation of origin and false affiliation and
19 association.

20      64. Because of the willful nature of the wrongful acts of Defendants,
21 Plaintiff is entitled to an award of treble damages and increased profits pursuant to
22 15 U.S.C. §1117.

23      65. Plaintiff is also entitled to recover his attorneys' fees and costs of suit
24 pursuant to 15 U.S.C. §1117.

28     16

## FIFTH CLAIM

### (Unfair Competition Against All Defendants)

66.     Plaintiff repeats, repleads and realleges paragraphs 1 through 65, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

67.     Defendants' actions constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

68.     The acts and conduct of Defendants complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

69.     Plaintiff is informed and believes that Defendants have unlawfully obtained profits through their acts of unfair competition.  Defendants should be forced to disgorge such unlawful profits to Plaintiff.

70.     Plaintiff is further entitled to recover from Defendants his actual damages sustained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of unfair competition.

71.     Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

## SIXTH CLAIM

### (Copyright Infringement Against All Defendants)

72.     Plaintiff repeats, repleads and realleges paragraphs 1 through 71, inclusive, of this Complaint and incorporates the same herein by the reference as though set forth in full.

73.     Plaintiff is informed and believes that Defendants had access to the Video, through, *inter alia*, YouTube.  Indeed, the Video was unlawfully posted on CollegeHumor.com, a website owned and operated by the same parent company as BustedTees, and the Video remains on that website.

74.     Defendants manufactured, produced, and sold merchandise, including but not limited to t-shirts, that copy verbatim Plaintiff's joke and expression from his Video, specifically his joke and expression that the "Honey Badger Don't Care."  Defendants' use of Plaintiff's joke and expression is substantially similar to Plaintiff's use in the Video.  In fact, Defendants' use is an exact copy verbatim of Plaintiff's joke and expression contained in his copyrighted Video.

75.     Defendants infringed Plaintiff's copyright by manufacturing, producing, and selling merchandise that prominently displayed Plaintiff's joke and expression that he used in his copyrighted Video.  Defendants sold their infringing merchandise on the website bustedtees.com.  Defendants' conduct violated Plaintiff's exclusive right in his expression and joke contained in his Video.

76.     Plaintiff is informed and believes that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal copying and/or subsequent sales of the infringing merchandise featuring Plaintiff's expression and joke from the Video.

77.     Plaintiff is informed and believes that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  As such, Defendants, and each of them, are liable for vicarious and/or contributory copyright infringement under 17 U.S.C. §101.

COMPLAINT AND DEMAND FOR JURY TRIAL

78.   Due to Defendants' acts of infringement, Plaintiff has suffered substantial damage to his business in an amount to be established at trial.

79.   Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

80.   Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's joke and expression used in the Video in an amount to be established at trial.

81.   Plaintiff is informed and believes that Defendants infringed Plaintiff's copyright with knowledge that he owned the exclusive rights in his expression and joke as contained in the Video and/or that Defendants, and each of them, were reckless in committing the infringement alleged herein.  Indeed, Defendants continued to manufacture, produce, and sell infringing merchandise after Plaintiff demanded that the infringing merchandise no longer be sold.  Defendants' acts of copyright infringement were willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or they are precluded from deducting certain overhead expenses when calculating profits to disgorge.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.   That Defendants have (i) infringed the Mark under 15 U.S.C. §1114 *et seq.*; (ii) infringed the Mark under California law; (iii) violated 15 U.S.C.

COMPLAINT AND DEMAND FOR JURY TRIAL

§1125(c); (iv) violated 15 U.S.C. §1125(a); (v) engaged in unfair competition and violated California Business and Professions Code section 17200 *et seq.*; and (vi) infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C. §501.

2.   That each of the above acts were willful.

3.   That Plaintiff be awarded (i) all profits of Defendants, (ii) all of his damages, (iii) statutory damages available under the law including 15 U.S.C. §1117 and 17 U.S.C. §504, if elected, (iv) treble damages, (v) punitive damages, (vi) disgorgement and restitution of all benefits received by Defendants arising from their infringement as provided by law, and/or (vii) enhanced damages for Defendants' willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C. §504, the sum of which will be proven at the time of trial.

4.   That Defendants, their officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

   a.   Using Plaintiff's expression and mark "HONEY BADGER DON'T CARE" or any colorable imitation thereof, or any other expression or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

   b.   Using any false designation of origin or false description that can, or is likely to, lead the public to believe that any product manufactured, distributed, sold, offered for sale, or advertised by Defendants are in any manner associated or connected with

Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff;

    c.   Engaging in any other activity constituting an infringement of Plaintiff's trademark and copyright rights or otherwise unfairly competing with Plaintiff; and

    d.   Engaging in any other activity that dilutes the distinctive quality of the Mark by, among other things, using the Mark in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods.

5.    That Defendants be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

6.    That Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction.

7.    That Defendants be required to pay to Plaintiff all of his costs, disbursements, and attorneys' fees in this action.

8.    For prejudgment interest.

9.    For such other relief as the Court deems proper.

DATED: July 30, 2014        KRANE & SMITH, APC

By:_____
DANIEL L. REBACK
JEREMY SMITH
Attorneys for Plaintiff,
CHRISTOPHER GORDON

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## PA 1-750-515

**Effective date of registration:**

June 15, 2011

## Title ─────────────────────

Title of Work: Honey Badger Don't Care

## Completion/Publication ─────────

Year of Completion: 2011

Date of 1st Publication: January 18, 2011          Nation of 1st Publication: United States

## Author ────────────────────

■     Author: Christopher Zane Gordon

Author Created: text and narration as contained in the video soundtrack

Work made for hire: No

Citizen of: United States                    Domiciled in: United States

## Copyright claimant ─────────────

Copyright Claimant: Christopher Zane Gordon

23942 Race Street, Newhall, CA, 91321, United States

## Limitation of copyright claim ────────

Material excluded from this claim: musical recording

New material included in claim: text and narration as contained in the video soundtrack

## Certification ──────────────────

Name: Rory J. Radding

Date: June 15, 2011

Applicant's Tracking Number: 67653-5000.800

Correspondence: Yes

Action: _____ N/A _____
RECEIVED
Edwards Wildman Palmer LLP
New York IP Docket
OCT 3  2011
Resp. Pty: RR / DIG
Due Date: _____ N/A _____
Client/Case #: 3, 0783 ~TBD
QC:

**EXHIBIT A**

Page 1 of 1

# United States of America

### United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,505,781**

**Registered Apr. 1, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: CLOTHING, NAMELY, T-SHIRTS, TANK TOPS, ONE PIECE GARMENT FOR INFANTS AND TODDLERS; LONG-SLEEVE SHIRTS, CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-24-2011; IN COMMERCE 2-24-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,667, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

**EXHIBIT B**

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,079**

**Registered Oct. 15, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: AUDIO BOOKS IN THE FIELD OF COMEDY, PARODY AND SATIRE; COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, HANDHELD COMPUTERS, NAMELY, SOFTWARE FOR PLAYING GAMES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-2011; IN COMMERCE 12-0-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-447,668, FILED 10-14-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,419,081**

**Registered Oct. 15, 2013**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: (BASED ON USE) CHRISTMAS TREE ORNAMENTS AND DECORATIONS; TALKING DOLLS AND PLUSH TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 10-8-2011; IN COMMERCE 10-8-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-449,924, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# HONEY BADGER DON'T CARE

**Reg. No. 4,281,472**

**Registered Jan. 29, 2013**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

CHRISTOPHER Z. GORDON (UNITED STATES INDIVIDUAL)
C/O SANA HAKIM OF K&L GATES
P.O. BOX 1135
CHICAGO, IL 606901135

FOR: MUGS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 10-7-2011; IN COMMERCE 10-7-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-449,921, FILED 10-18-2011.

SCOTT BIBB, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

## **DEMAND FOR JURY TRIAL**

Plaintiff CHRISTOPHER GORDON hereby demands a jury trial in this action.

DATED: July 30, 2014

KRANE & SMITH, APC

By:_____
DANIEL L. REBACK
JEREMY SMITH
Attorneys for Plaintiff,
CHRISTOPHER GORDON

F:\Clients\GORDON, CHRISTOPHER\Busted Tees\COMPLAINT VS  BUSTEDTEES final.wpd

22